We'll see about, geez, we'll see about whether we'll need to take a break at some point, but we may go all the way through or we may take a break here for the second or third case. We'll start with United States v. Moore, 17-1224. Mr. Lee. Good morning, your honors. I'm Josh Lee from the Public Defender's Office and I represent Earl Moore. The parties in this case agree that Mr. Moore's section 924C conviction, which was predicated on the crime of arson, is unconstitutional and can't stand. The dispute between the parties at this point is what do we do now? What's the appropriate remedy for that error? Mr. Moore's position is that the court should restore the parties to the status quo ante, that we need to redo this case from the beginning as if Mr. Moore had only been charged with arson. The government says that a do-over isn't needed and that the government should get an arson conviction based on Mr. Moore's guilty plea to the unconstitutional 924C charge. There are two key problems with the government's position. The first one is that it's contrary to 18 U.S.C. section 3296. That statute specifies that the proper remedy in this situation is the one proposed by Mr. Moore, restoration of the status quo ante. The second problem with the government's position is that imposing an arson conviction based on Mr. Moore's guilty plea to section 924C would fail to remove the taint of the error. It would unfairly prejudice Mr. Moore in the sense that it would deprive him of the opportunity to decide whether to go to trial and to seek a favorable plea bargain without the pressure imposed by the unconstitutional section 924C charge. So let's start with section 3296. What that statute says is when the government and the defendant enter into a plea bargain under which the government agrees to dismiss some charges in exchange for the defendant pleading guilty to one or more charges and then the defendant comes along and vacates, moves to vacate the conviction that he and that motion to vacate is successful, what the court does is allow the government to reinstate the charges that were dismissed pursuant to the plea agreement. And that isn't what the government's requesting here, but that's what the law says that it's entitled to. And the reason... Does the statute foreclose what the government is asking? It does under the canon that the government is wanting you to do is to apply this general statute, section 2106, that says when the court is fashioning a remedy it can do whatever is just and appropriate. But when Congress comes along and says we've thought about this specific problem and here's what you do, the specific remedy provided by Congress when it's thought about this exact problem supersedes more general remedies. So that canon recognizes that when Congress says here's the remedy for this situation it carries a negative implication with respect to others. It doesn't say that but that is that's how... What if what if he hadn't been charged with the substantive offense here? Just the 921c3? Well you get... What would you do then? You get the same result either under 3296 or under 2106 because when you charge with the greater offense it carries implicit charges of the lesser offense. That's what the government's saying here. Right, but again I think you can read 3296 to say that the implicit counts come back, the implicit lessors come back. So I do think that section 3296 addresses this exact situation, but even setting that aside, even if 3296 didn't exist and you can apply this general statute and the court's precedent in Smith, you still have to restore the status quo ante. Well Smith, there was an actual trial in Smith. That's right and that's why Smith doesn't apply and that's why you apply 3296 rather than Smith because Smith addresses the totally different situation of a trial. How many counts were dismissed in this case? In this case just one. So he's charged with one arson and one section 924c. But the reason that even under the more general statute Mr. Moore still has to win is because under that statute it has to be clear that there would be no undue prejudice from imposing a conviction for the lesser included offense. And here there's undue prejudice in at least two senses. The first is that there's a reasonable possibility that but for the presence of the 924c charge, Mr. Moore would have gone to trial on the arson count. And second, there's a reasonable possibility that but for the presence of the 924c charge, Mr. Moore would have been able to obtain a favorable plea bargain, either in terms of charge bargaining down to a reduced The charge always happens, you guess at what the law is and you make your plea bargain. You can't predict what the courts are going to rule in the future. What if he had been facing the same charges, the 924c3 and the arson charge? And the plea bargain was he got to plead to the arson charge. And so he pleads to the arson charge, you throw out, later the Supreme Court decides 924c3 is vague and then you say, well we wouldn't have pleaded to the arson charge except that we were worried about the 924c charge. What would you do then? Would you say you can you can withdraw your plea then? You would have to make a challenge that the plea was not knowing involuntary. And you'd lose, wouldn't you? I'm not sure you would because if you're misadvised of the statutory maximum for an a mistaken impression of what the risk after trial would be. Even if that's a much later court decision. I thought in general, parties take the risk there. The government may have had a fear, maybe the reason they allowed the plea is they had a fear that 924c3 would be found unconstitutional. What do you do then? So that's the general rule. The key point here is that Davis is retroactive. So 99.9% of changes in the law, you assume the risk. But for a explicitly retroactive change in the law, like Davis is, you run it back and that you have to assume that that was the law from the very beginning. And if that was the law from the very beginning, then Mr. Moore was mistakenly advised about what the mandatory minimum and statutory maximum was. And the defendant in your hypothetical would be mistakenly advised about what the mandatory minimum and statutory maximum was. What about unfairness to the government? Do you think there's any unfairness here? If they had agreed to the plea to the arson charge, we wouldn't be going through this. And now they've got to retry an old case. So for two reasons I don't think the government is unduly prejudiced. The first is that Mr. Moore's in the same position. Both sides can lose evidence after 10 years. Who has the burden beyond a reasonable doubt? The government has a burden. But this is something that we face all the time, all the time in collateral review. We have to undo convictions and the government's put in the position of having to try an old case. So that doesn't distinguish this case from any other where you have to grant post-conviction relief. That's why we have all of these hurdles to post-conviction relief that Mr. Moore has overcome. He needed a retroactive rule. He needed to surmount the procedural defenses that the government has now waived. He would need to overcome harmless error. And once the defendant has overcome all of those restrictions to post-conviction relief, then you do have to try an old case. Here's the second reason why I think there's no unfair prejudice to the government. And this comes from a 9th Circuit case that the government cited in its brief, which is that the they can draft for this contingency. We have this litigation over crimes of violence all the time and the government can say, we're pleading guilty to the 924 C. If this turns out not to be a crime of violence, you agree to plead guilty to the lesser. It didn't do that. So the government can protect itself. I just ask about the fairness issue from a slightly different direction. Under the government's preferred remedy here, if you will, there would be a resentencing, correct? Right. And your client did stipulate to the elements of the arson offense. Isn't that correct? Right. So taking those two together, could you put your fairness argument in that context? So the fairness argument, one of the fairness arguments, is that the government induced those admissions to arson only by promising that he wouldn't sustain a conviction for the underlying offense and that he would get a five-year discount to the mandatory minimum. So he was facing a mandatory minimum of 35 years. The government said we'll give you five years off of that, a mandatory minimum of 30 if you admit this. But under the government's remedy, he gets nothing in exchange. You're saying it was an involuntary plea? I think it is an involuntary plea, yes. I think it's because he misunderstood the law. Yes. Because he was informed about the law that was effective at that time, but now it's not knowledgeable because of a later retroactive ruling? Because it's retroactive. So you take the rule as retroactive and it's not knowing involuntary for three reasons. The government told him if he did this, he wouldn't get an arson conviction. Now they want to give him an arson conviction. The government told him if you plead to this, we're giving you a sentencing concession, a five-year discount. Under the government's remedy, he gets no sentencing concession. And years when in fact he should have understood that he was facing a mandatory minimum of five years. And that is not a knowing involuntary plea where you misunderstand the law to that extent. Another reason that this would be unfairly prejudicial, which is sort of related to some that I've talked about, is that the government, under the government's remedy, it gets all of the benefits but none of the burdens of the agreement that we entered into previously. So it does not have to give Mr. Moore any concessions at all, but it holds Mr. Moore to his plea to arson. Have you discussed that with the government lawyers? I can say that the parties have discussed a resolution of this case along the lines of what happened in Lawless, and there's not any resolution that the parties can come to. A final thing that I want to say is the government's position to all this, and it kind of bounces off what you said earlier, Judge Matheson, is that he pleaded to it. You can't put that back into the bottle, is what they say in their brief. But that proves way too much because we put pleas back into the bottle all the time. So for example, if you find out that there was an erroneous denial of a suppression motion, the district court should have found a Fourth Amendment violation and suppressed the evidence. And then after that erroneous denial, the defendant pleads guilty. If the defendant's position on the suppression motion is vindicated on appeal, you go back and undo the plea. And it's the same thing with any other error. You have to ask whether undoing the plea is necessary to adequately redress the error, and that's what's necessary to adequately redress the error here. And if there are no questions, I'll reserve the remainder of my time. Thank you. Good morning, and may it please the Court, I'm Carl Schock, representing the United States. The Supreme Court and the Tenth Circuit have long approved of the remedy that the government seeks here, which is substituting judgment for a lesser included offense for which guilt has been conclusively established when a conviction for the greater offense is set aside. I'd like to start, although, so the only question here is, is that remedy available when the conviction arises from a guilty plea rather than from trial? Well, you say Supreme Court and Tenth Circuit precedent. Isn't the remedy you seek here, in the context that you just described, unprecedented in the case law? And you mean with respect to a guilty plea? Yes. Okay, so in the government's brief, we said that we hadn't found a case applying it to a guilty plea. In fact, the case that Rutledge, so Rutledge was a Supreme Court case that we cited. The case that Rutledge cited as the genesis of the remedy in federal courts actually was a guilty plea case, and that case is Tinder versus United States. Not cited in our briefs, it is cited in the 245 U.S. 565. It's from 1953. Now, I'll say that this issue was not deeply analyzed in that case, but in that case, the defendant had pleaded guilty to felony mail theft, and the Supreme Court found that the facts didn't support that crime because there was a minimum value that had to be met, that the facts did not support. Rather than vacating the conviction, the court simply ordered resentencing on the misdemeanor version of the offense. In Rutledge, the Supreme Court cited that case, and then a DC Circuit case that relied on that case as early examples of this remedy. But the other point that I want to make here is that even if there weren't a case, because I acknowledge you will look at that Tinder case, it doesn't analyze that issue. It simply applies this remedy, and the court in Rutledge cited it. But there's no reason to treat a guilty plea different than a jury verdict in this context, because both encompass a binding finding of guilt. But in one, a jury has made that determination, regardless of what any inducements might have been involved in a guilty plea. Correct, and in a guilty plea, you have that rather than evidence, you have stipulations by the defendant. Rather than a finding by a jury of guilt, you have a finding of a factual basis by a district court. But in either of them, once you have the conviction, there is a conviction on that offense, and that conviction is a binding determination of guilt as to the elements of that offense. And here, where all of the elements, or where that conviction necessarily includes all of the elements of the lesser included, this court should be permitted to simply enter a conviction on that lesser included offense. I'd like to address both of the two points that the defendant raises here. First, with respect to Section 3296. Section 3296 provides one possible remedy when the guilty plea is vacated and the government moves to reinstate the dismissed charges. And in many cases, in most cases, where there's no lesser included, Section 3296 would provide the only possible remedy. But here, where there is a lesser included offense, Smith and 2106 provide a different remedy, and the government here is not seeking to reinstate the dismissed charges. What the government is asking to do is instead to direct entry of judgment on the count or on the offense that's subsumed by the conviction that it already has. So, could I just make sure I understand your position? Are you saying that Smith and Section 2106 permits this court to impose the remedy that you're proposing? It doesn't require this court to do it. Would that be correct? I think that's correct. So, even if we agree with your argument, we have some discretion on what to do. I think that is correct. And why should we exercise our discretion in that way? Because it's the best way to give effect to what the parties agreed to in the plea agreement, which is the parties agreed to this conviction, the defendant agreed to all of the elements of the arson offense, the district court found a factual basis for that offense, and we have the conviction. This is an eight-year-old case. There's no reason to start the parties back at that point when there is a valid basis for that conviction with what has already happened. I'd like to address the undue prejudice element, because I think if we look at the Smith test, the first three elements of that test are beyond dispute. So, the fourth element is that there's no undue prejudice to the defendant. This court said in Smith... Can I just... Yeah. The first three elements, it seems to me we are having some argument, though, about whether a trial or a plea agreement are the same thing. Element one. Whether evidence supports elements of the crime... Well, element one basically is the conviction invalid. Is evidence insufficient to support the conviction? I understand, but to say that I think there is an argument over that element, correct? There's certainly an argument as to whether the remedy applies at all following a guilty plea. Right. Yes, correct. Assuming that it does apply to a guilty plea, those first three elements are satisfied here, which is that the evidence can't support the 924C conviction. It can support the arson conviction. Sorry, I guess I missed... I understand your point. So, let's move to the unfair prejudice point. This court explained in Smith that a conviction on a proven lesser-included offense is not undue prejudice, and in that case there was a jury verdict, but the defendant was making the same kind of arguments, that perhaps my defense would have been different if I had not been facing this greater offense, and the court... He's guilty, so he had no argument there at all. Correct, in that... He's not guilty in an independent group. He said, yeah, you're guilty of each of these elements, and then you have a sentencing enhancement. Correct, and in that case he was arguing that perhaps his defense would have been different if he had not been facing what was an improper sentencing enhancement, or an improper extra offense, and what this court said is where you have the conviction, and that conviction necessarily subsumes a proven lesser-included offense, then there's not undue prejudice, and that's what we have here, and granted the conviction here came about through a plea agreement rather than through trial, but I don't think that matters here because once we have that conviction, we have the conviction, and it subsumes all of those elements, and that lesser included. I would direct the court to United States v. Powell, which is cited in the supplemental brief. That is not in this context, but it was addressing a claim of actual innocence, but in that case it was a similar situation where the 924C count to which the defendant had pleaded guilty had to be set aside. In the actual innocence context, the court actually did look to those admissions that he made to the predicate offense to find that, in fact, he couldn't meet an actual innocence, couldn't meet his burden of proving actual innocence. So this court has looked to the admissions to the predicate offense when a 924C conviction has been set aside. I think another point here is that the arson offense was clearly identified in the plea agreement, and the fact that he was pleading guilty and admitting to another federal offense was front and center in this plea agreement. So it wasn't a situation where he's pleading guilty to one offense and then later he learns that, in fact, he was pleading guilty to another offense as well. The plea agreement said you were admitting that you committed the crime of arson. At the plea colloquy with the district court judge, he told the district court judge that he admitted that he committed the crime of federal arson. So there was no surprise that he was, in fact, admitting this other offense. I also just want to address as a factual matter whether these circumstances support his suggestion that, in fact, he might have gone to trial if not for that 924C count. The count to which he pleaded guilty carried a 30-year mandatory minimum, and the defendant was 64 at the time. And so it was, in effect, as the sentencing hearing, he was, in effect, pleading guilty to a life sentence. Now he did get dismissal of that arson conviction, which would have added five years to that sentence, but that risk wasn't as great of a risk as the defendant is now suggesting it was because he was pleading to what was effectively a life sentence. The other benefit that he did get was a three offense level reduction for acceptance of responsibility. The government, if this goes back for resentencing, the government stands by that would allow him that three offense level reduction for acceptance of responsibility. And, in fact, that three level reduction provides him greater benefit if the conviction is to arson because he actually didn't get any benefit from that under the 924C plea because his guideline range was less than the statutory minimum. So, in fact, he does receive a benefit under this plea. You know, if he was convicted of arson, regular arson. Yes, what was the question? What would his sentence be, five years? It would be a mandatory minimum of five years, statutory maximum of 20 years, and his guideline range, I tried to look, but I think it would either be 150 to 180 months or if arson is not a crime of violence it actually would be Well, it's not, right? Right, correct. I haven't, yeah, he got an increase because he was a career offender. I think he would no longer be a career offender and it would actually be less than that, but I don't know what it would be off the top of my head. He's served, what, eight years so far? I believe he's served around eight years. So he would probably get out? I don't think that is necessarily true at all given the circumstances of the of the crime in this case. Let me ask about the argument that it wasn't a knowing, voluntary plea. Ordinarily you take your risk about the law, points out in this case that the new Are you aware of any cases involving a claim of involuntary plea where the issue is that at the time of the plea, the law was X, but it was changed retroactively? I had not noticed that argument in the brief. I didn't there, but that's an interesting argument. Yeah, so I, that would affect fairness. If we were to determine it was not a knowing, involuntary plea, that would change the calculation quite a bit, I think. Correct, correct. And I don't think they argued that it was, I don't think the defendant argued it was not knowing, involuntary. And I think the point that you raised, But they put it in the context of it being unfair. Correct. Yeah, I think that the point that you raised during the defendant's argument, which is that argument would invalidate a plea to arson as well. And I'm not aware, in other words, if everything had happened exactly as it did, except instead, the original plea had been to arson, this argument would invalidate that plea as well. And I'm not aware of any case law that would support doing that. Do you know of anywhere, I mean, the general rule is you take your chances on what the law turns out to be. Yeah, the one case, the one case that's come into mind, just because I've been working on this in some other context, is the Boosley case, which actually was the 924C that talked about the definition of use under 924C back in the 90s. I think in that case, I'm not sure how this all fits into the argument, but I know that in that case there was a suggestion that that change in the law made his plea involuntary because he hadn't been properly advised of the elements of the crime. I think that's different here because there's no suggestion that he wasn't properly advised of the elements of the crime, especially the elements of the arson offense that we're now trying to seek a conviction for. He was improperly advised of the elements of the offense, wasn't he? Because one of the elements under 924C3 was something that we now know is unconstitutionally vague. So he wasn't. Why is that not just like— I think another distinction here is that this isn't a case where the Supreme Court had never spoken and now speaks, and we assume kind of that's how the law has always been. The Supreme Court at that time had actually—all of the case law had actually supported the assumption that arson was a crime of violence, that the residual clause was valid. And so the law changed. So I guess that's where I would draw a distinction from the case that I was just mentioning, Boosley, which I was trying to respond to your question. But I think that it's different because here the Supreme Court actually had spoken on the issue and it held the residual clause was valid, at least with respect to ACCA. And so he was properly advised under the law at the time. I'm not aware of any case law that has then retroactively said, even though he was properly advised under the law at the time, it was not knowing involuntary. And I would point out that regardless, he was properly advised as to the arson elements, or we can assume he was properly advised as to the arson elements, for which the government is now seeking a conviction. You have six seconds. Okay. And so the government asked that the court enter an order similar to the order that the court issued in the Lawless case, remanding this case with instructions to vacate the conviction, enter a conviction for arson, and resentence Mr. Moore on that conviction. Thank you. A couple of things, Your Honor. First, I want to address the government's misreading of the Smith case. Smith lays out these four prongs. The last one is there's no unfair prejudice. But what the government says is if the first three prongs are satisfied, if the evidence supports the lesser, then the fourth is automatically satisfied. That can't be right. The government is reading the fourth prong out of the case altogether by saying if the third prong is satisfied, the fourth prong is satisfied. You have to ask whether there was unfair prejudice. But they're saying you have to have another reason for arguing unfairness. You have to argue unfairness, yes, and I have. But you can't say it's unfair to find someone guilty when all the elements of that crime have been admitted by the defendant. There has to be another factor, something else that shows that it was unfair. That's what they were saying. Well, what the government said, my understanding, is that Smith said, well, my offense might have been different, and this court said you can't say that. That's not what happened in Smith. If you go back and read it, he said my offense, my defense might have been different without this invalid charge. And the court said we've reviewed the record and the facts, and on the facts, we don't think your defense would have been different, which is very different. And so what this court needs to do is play this case back from the beginning as if there had been no 924C charge and ask whether there's a reasonable possibility that it could have turned out differently than what the government wants, which is just an imposition of an arson conviction with Mr. Moore getting nothing. I appreciate that argument, but that depends on the validity of your argument that, unlike most plea bargains where you take your chances on the future law, when the future law is now applied retroactively, that makes a difference in the calculation of unfairness. I think it does. But you've got to win on that to make your argument. If you look at Boozley, which the government cited, you do apply it retroactively and ask whether the plea is valid in light of the retroactive change in the law. And with that, I'd ask that the court vacate and remand with the allowance of the government to reinstate the arson charge.